IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X
NAFTALI ROSENBERG, individually and on
behalf of all others similarly situated,

                Plaintiff,

v.

MRS BPO, LLC d/b/a MRS ASSOCIATES,

                Defendant.

---------------------------------------------------------X

Court File No. 1:21-cv-2200-PKC-RML

Judge Pamela K. Chen
Magistrate Judge Robert M. Levy

**MRS BPO, LLC d/b/a MRS ASSOCIATES'
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant MRS BPO, LLC d/b/a MRS Associates ("MRS"), as and for its Answer to the Complaint of Plaintiff Naftali Rosenberg ("Plaintiff"), denies each and every allegation set forth therein unless otherwise specifically admitted herein or otherwise qualified and states and alleges as follows:

**ANSWER TO INTRODUCTION/PRELIMINARY STATEMENT**

1. In response to paragraph 1 of the Complaint, MRS admits that Plaintiff purports to summarize, paraphrase and quote the referenced federal statute while denying any violation of such statute.

2. In response to paragraph 2 of the Complaint, MRS admits that Plaintiff purports to summarize, paraphrase and quote the referenced federal statute while denying any violation of such statute.

**ANSWER TO JURISDICTION AND VENUE**

3. In response to paragraph 3 of the Complaint, MRS admits that the statutes referenced ordinarily confer jurisdiction upon this Honorable Court, but denies that it violated

any law that would subject it to such jurisdiction. MRS further denies that Plaintiff has standing under Article III of the United States Constitution.

4. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 4 of the Complaint and therefore denies the same.

### ANSWER TO NATURE OF THE ACTION

5. In response to paragraph 5 of the Complaint, MRS admits that Plaintiff brings this matter on behalf of a class, alleging violations of the FDCPA, but denies that it violated any law and that such a class exists.

6. In response to paragraph 6 of the Complaint, MRS admits that Plaintiff seeks damages and declaratory relief, but denies that Plaintiff is entitled to the same as MRS did not violate any law.

### ANSWER TO PARTIES

7. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 7 of the Complaint and therefore denies the same.

8. In response to paragraph 8 of the Complaint, MRS states that while at times it may be deemed a debt collector as that term is defined by the FDCPA, it has insufficient information and knowledge to either admit or deny that it was a debt collector in regard to Plaintiff and this matter.

9. MRS admits the allegations set forth in paragraph 9 of the Complaint.

### ANSWER TO CLASS ALLEGATIONS

10. In response to paragraph 10 of the Complaint, MRS admits that Plaintiff brings this matter on behalf of a class, but denies that it violated any law and that such a class exists.

11. In response to paragraph 11 of the Complaint, MRS admits that Plaintiff brings this matter on behalf of a class, but denies that it violated any law and that such a class exists.

12. MRS denies the allegations set forth in paragraph 12 of the Complaint.

13. MRS denies the allegations set forth in paragraph 13 of the Complaint.

14. MRS denies the allegations set forth in paragraph 14 of the Complaint.

15. MRS denies the allegations set forth in paragraph 15 of the Complaint.

16. MRS denies the allegations set forth in paragraph 16 of the Complaint.

17. MRS denies the allegations set forth in paragraph 17 of the Complaint.

18. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 18 of the Complaint and therefore denies the same.

## ANSWER TO FACTUAL ALLEGATIONS

19. MRS adopts by reference paragraphs 1 through 18 as though fully set forth herein.

20. MRS admits the allegations set forth in paragraph 20 of the Complaint, upon information and belief. MRS further states that the charge off date was January 18, 2020.

21. In response to paragraph 21 of the Complaint, MRS states that Verizon Wireless placed the debt with it for collection. MRS has insufficient information and knowledge to either admit or deny the remaining allegations set forth in paragraph 21 of the Complaint and therefore denies the same.

22. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 22 of the Complaint and therefore denies the same.

23. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 23 of the Complaint and therefore denies the same.

24. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 24 of the Complaint and therefore denies the same.

25. In response to paragraph 25 of the Complaint, MRS states that at times it collects debts on behalf of creditors using the United States Postal Services and telephone. MRS has insufficient information and knowledge to either admit or deny all remaining allegations and therefore denies the same.

26. In response to paragraph 26 of the Complaint, MRS admits that it sent Plaintiff the letter attached as Exhibit A to Plaintiff's Complaint.

27. MRS admits the allegations set forth in paragraph 27 of the Complaint.

28. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 28 of the Complaint and therefore denies the same.

29. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 29 of the Complaint and therefore denies the same.

30. MRS denies the allegations set forth in paragraph 30 of the Complaint.

31. MRS denies the allegations set forth in paragraph 31 of the Complaint.

32. MRS denies the allegations set forth in paragraph 32 of the Complaint.

33. MRS denies the allegations set forth in paragraph 33 of the Complaint.

**ANSWER TO COUNT I**

34. MRS adopts by reference paragraphs 1 through 34 as though fully set forth herein.

35. MRS denies the allegations set forth in paragraph 35 of the Complaint.

36. In response to paragraph 36 of the Complaint, MRS admits that Plaintiff purports to summarize the referenced statute while denying it violated any law.

37. MRS denies the allegations set forth in paragraph 37 of the Complaint.

38.     MRS denies the allegations set forth in paragraph 38 of the Complaint.

## ANSWER TO DEMAND FOR JURY TRIAL

39.     In response to paragraph 39 of the Complaint, MRS admits that Plaintiff requests a trial by jury, but denies Plaintiff is entitled to one as there has been no violation of law and there is no actual, concrete injury in fact.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff suffered no damage from the alleged violations of the Fair Debt Collection Practices Act ("FDCPA") by MRS, which MRS denies, and therefore is not entitled to any award of damages, attorney fees or costs.

## THIRD DEFENSE

All of MRS' actions have been in accordance with the FDCPA.

## FOURTH DEFENSE

Any violation of the FDCPA by MRS, which MRS denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which MRS denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of MRS.

## SIXTH DEFENSE

MRS asserts that Plaintiff lacks standing.

## SEVENTH DEFENSE

Any technical violation of the FDCPA was not material and therefore not actionable.

**WHEREFORE,** MRS prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against MRS with prejudice and on the merits; and,

2. Awarding MRS such other and further relief as the Court deems just and equitable.

Dated:  May 13, 2021                            By /s/ Michael T. Etmund_____
                                                Michael T. Etmund, NY REG # 5168331
                                                MOSS & BARNETT, PA
                                                150 South Fifth Street, Suite 1200
                                                Minneapolis, MN 55402-4129
                                                Telephone:  (612) 877-5309
                                                Facsimile:  (612) 877-5050
                                                Michael.etmund@lawmoss.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2021, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service, upon the following:

>Tamir Saland, Esq.
>Stein Saks
>tsaland@steinsakslegal.com
>*Counsel for Plaintiff*

>/s/ Michael T. Etmund
>Michael T. Etmund